**BUIE, Appellant,**

**v.**

**CHIPPEWA LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.**

[Cite as *Buie v. Chippewa Local School Dist. Bd. of Edn.* (1994), 93 Ohio App.3d 434.]

Court of Appeals of Ohio,
Wayne County.

No. 2816.

Decided March 16, 1994.

*Ronald G. Macala* and *Salvatore J. Falletta*, for appellant.

*Glenn D. Waggoner*, for appellee.

Cook, Judge.

Richard Buie appeals the dismissal of his appeal of the termination of his employment by the Chippewa Local School District Board of Education ("the board"). Buie also appeals the trial court's denial of his motion for stay. We reverse because the collective bargaining agreement ("agreement") negotiated by the Doylestown Education Association ("the union") and the board does not specify the procedure by which contracts are to be terminated and, therefore, the trial court erred in determining that the appeal of the R.C. 3319.16 dismissal is premature until Buie completes his grievance procedures.

Buie was a tenured teacher employed by the board. At the beginning of the 1992–1993 school year, the board suspended Buie and initiated procedures to terminate his employment pursuant to R.C. 3319.16 and 3319.161. A hearing was conducted before a referee, who recommended that the board terminate Buie's employment for gross inefficiency. The board adopted the referee's recommendation.

Buie then filed a grievance challenging the termination as a violation of his rights under the agreement. He also filed an appeal in the common pleas court pursuant to the procedure set out by R.C. 3319.16. This "two-tracked" approach is the primary basis for the dispute on appeal.

The board moved to dismiss Buie's appeal, arguing that the trial court did not have jurisdiction to hear it, since the agreement provided the only avenue of appeal and that was binding arbitration. The trial court dismissed the appeal, finding that Buie had to avail himself of the arbitration process before pursuing a statutory appeal under R.C. 3319.16.

Under the agreement, the union's Professional Rights and Responsibilities Committee ("the committee") must approve grievances before they are pursued to final, binding arbitration. The committee did not approve Buie's grievance for arbitration. Buie moved for a stay of the trial court proceedings so that he could urge the committee to reconsider its decision, which the trial court denied.

Buie appeals assigning five errors:

"I. The lower court erred in denying appellant's motion for a stay pending efforts to have the Doylestown Education Association reconsider its decision refusing to pursue appellant's grievance to arbitration.

"II. The lower court erred in concluding that Appellant Buie must first avail himself of binding arbitration, where the appellant has taken that process as far as possible on his own initiative.

"III. The lower court erred in concluding that the grievance submitted by Appellant Buie under the master contract is the exclusive remedy available to Appellant Buie.

"IV. The lower court erred in concluding that Appellant Buie should be denied the right to have the decision of Appellee Board reviewed under Revised Code Section 3319.16.

"V. The lower court erred in failing to find that the Teacher Tenure Act provides is analogous [*sic*] a civil right which under the terms of 4117.10(A) is not subject exclusively to the use of binding arbitration under a collective bargaining agreement."

As these assignments of error are interrelated, we will discuss them together. When the board began considering termination of Buie's employment, it initiated and followed the procedures set out in R.C. 3319.16 for termination of contracts by a board of education. R.C. 3319.16 provides that any teacher affected by an order terminating his or her contract may appeal to the common pleas court of the county where the school is located. The board, however, contends that even though it followed R.C. 3319.16 in terminating Buie's employment, Buie cannot avail himself of the appeal procedure set out by that statute. The board argues that R.C. 4117.10(A) requires that Buie pursue the dispute to final, binding arbitration according to the agreement's grievance procedure. R.C. 4117.10(A) provides in pertinent part:

"An agreement between a public employer and an exclusive representative * * * governs the wages, hours, and terms and conditions of public employment covered by the agreement. If the agreement provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure * * *. Where no agreement exists or *where an agreement makes no specification about a matter,* the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees." (Emphasis added.)

The relevant inquiry then becomes whether contract termination is a matter specified in the agreement. We answer this in the negative. The trial court found that the agreement "addresses the issue of termination" but "is silent on any procedure leading up to teacher termination." The only language in the agreement addressing the issue of termination is Article VI(J). It reads, "[n]o teacher will be suspended, terminated, or subject to non-renewal without stated sufficient reasons." We find that when viewed in the context of the entire agreement, together with the grievance procedures language and the decision to use the statutory termination procedures of R.C. 3319.16, the agreement "makes no *specification* about" the matter of teacher termination and thus such matters are governed by the statutory procedures used by the board. The board contends that the negotiated *grievance* appeal procedure applies after a teacher has been terminated through the *statutory* procedure. No logical reason is advanced for "switching gears" at the appeal stage. We find that the decision to pursue termination by way of R.C. 3319.16 evinces a recognition that the grievance procedures in the agreement were inapposite to teacher terminations.

Moreover, the grievance procedure section of the agreement limits binding arbitration rights as follows: "A grievance for binding arbitration is *limited* to any alleged violation of the *written negotiations agreement* between the Association [the Union] and the Board." (Emphasis added.) Buie successfully pursued a grievance alleging a violation of the written negotiations agreement prior to the termination of his employment. The grievance alleged that certain items should not have been included in his personnel file. An entire section of the agreement, Article VII, is devoted to how personnel files must be maintained. Unlike Article VII, the written negotiations agreement contains no such section on termination procedures.

We find additional support for our decision in that the grievance Buie filed regarding his termination did not challenge the termination as being contrary to the contract standards requiring that "[n]o teacher will be * * * terminated * * * without stated sufficient reasons." Rather, he says that the board's stated

reason should not be applied to him as it is "not supported by the law and evidence" in this case.

For all the foregoing reasons, we find that the trial court erred in dismissing Buie's appeal for lack of jurisdiction. The third and fourth assignments of error are well taken. Given our disposition of those assignments of error, we do not reach the first, second, and fifth assignments of error as they are moot.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DICKINSON, J., concurs.

REECE, P.J., concurs separately.

REECE, Presiding Judge, concurring.

I would normally hold that the parties agreed to their contract, which provided for binding arbitration to resolve their dispute and, therefore, they must live with it. However, in this case Buie finds himself in a true "Catch 22." He can't go to binding arbitration because his union won't pursue his grievance. He can't appeal to the court because he hasn't pursued arbitration. He's left with no appeal. The majority opinion provides an appeal which Buie must still show has any merit.